# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### FEBRUARY 1999 SESSION



FILED

March 29, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 02C01-9710-CC-00407 |
| Appellee, | ) | |
| | ) | FAYETTE COUNTY |
| VS. | ) | |
| | ) | HON. J. KERRY BLACKWOOD, |
| KERRY LEE CHEARIS, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Possession of Cocaine with Intent |
| | ) | To Deliver) |

FOR THE APPELLANT:

RICHARD G. ROSSER
102 East Court Square
Somerville, TN 38068-1436

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

MARVIN E. CLEMENTS, JR.
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

ELIZABETH T. RICE
District Attorney General
302 E. Market Street
Somerville, TN 38068

OPINION FILED: _____

REVERSED AND DISMISSED

JOE G. RILEY,
JUDGE

**OPINION**

A Fayette County jury found defendant guilty of possession of cocaine over 0.5 grams with intent to deliver, a Class B felony. The trial court sentenced defendant as a Range II multiple offender to 16 years in the Department of Correction. In this appeal as of right, defendant raises the following issues:

1. whether the trial court erred in failing to suppress evidence seized pursuant to defendant's apprehension for violation of a city ordinance;

2. whether the trial court erred in failing to suppress defendant's statement to TBI Agent Francisco Hidalgo;

3. whether the evidence was sufficient to support the verdict of guilt;

4. whether the trial court erred in allowing redirect testimony regarding the city ordinance that was the basis for defendant's apprehension;

5. whether the trial court timely ruled on defendant's pre-trial motions; and

6. whether the 16-year sentence is proper.[1]

We conclude that the search of defendant was improper. As a result, all evidence obtained as a result of that search must be suppressed. Due to this error, the trial court's judgment is REVERSED and the case DISMISSED.

**I. FACTS**

On November 22, 1996, defendant was the passenger in a car driven by Zelner Seaberry. The car had no taillights and was stopped by Officer James Dillard of the Somerville Police Department. Officer Dillard noticed an open beer in defendant's lap; allegedly a violation of a Somerville city ordinance.[2] Dillard called for backup, and Officer Marty Jones arrived moments later. Officer Jones ordered defendant out of the car and took him to the rear of the vehicle. There, Jones searched defendant and found a packet of crack cocaine in defendant's jacket pocket.

---

[1]Defendant frames his issues differently than they are addressed here.

[2]Defendant, as a passenger, was not in violation of the state open container statute which only applies to drivers. *See* Tenn. Code Ann. § 55-10-416.

2

## II. MOTION TO SUPPRESS EVIDENCE

Defendant contends the trial court erred in failing to suppress the cocaine found by Officer Jones during his search of defendant. According to Officer Dillard, defendant was arrested for violation of a city ordinance prohibiting the possession or consumption of alcohol in a public place. The state, therefore, contends the search was incident to an arrest. *See* State v. Bridges, 963 S.W.2d 487, 490 (Tenn. 1997).

At the suppression hearing, the state did not introduce a copy of the municipal ordinance. Defendant contended then, and on appeal, that by failing to to do so, the state failed to carry its burden of proof.

### A. State's Burden of Proof

A warrantless search is presumed unreasonable under both the federal and state constitutions, and evidence seized from the warrantless search is subject to suppression unless the state demonstrates by a preponderance of the evidence that the search was "conducted pursuant to one of the narrowly defined exceptions to the warrant requirement." State v. Simpson, 968 S.W.2d 776, 780 (Tenn. 1998); *see* Coolidge v. New Hampshire, 403 U.S. 443, 454-55, 91 S.Ct. 2022, 2032, 29 L.Ed.2d 564 (1971).

Tennessee Rule of Evidence 202 enumerates law of which a court may take judicial notice. With regard to municipal ordinances, the rule reads:

> Optional Judicial Notice of Law. ---Upon reasonable notice to adverse parties, a party may request that the court take, and the court may take, judicial notice of . . . all duly enacted ordinances of municipalities or other governmental subdivisions . . . .

Tenn. R. Evid. 202(b)(3).

The state's witnesses testified that defendant was arrested for violation of a Somerville city ordinance prohibiting the possession or consumption of alcohol in a public place. However, in spite of defendant's objection, at no time was a copy of that ordinance entered, or attempted to be entered, into evidence by the state. Nor do we find in the record notice by the state of its intent to request that judicial notice be taken of the ordinance. Given the dictates of Rule 202, the trial court

3

could not take judicial notice of the ordinance, nor can this Court. Thus, the state failed to prove by a preponderance of the evidence a legitimate basis for defendant's arrest. Correspondingly, the state also failed to prove that the search was conducted incident to a valid arrest. Therefore, the trial court erred in denying the motion to suppress.


## B. Effect of Ordinance Violation

Even assuming the city ordinance read as recited by defendant in his brief,[3] and defendant was in violation of the ordinance, we would still find the search to be improper. Generally, a citation should be issued when there is a misdemeanor violation. Specifically, Tenn. Code Ann. § 40-7-118(b)(1) provides:

> "[an] officer who has arrested a person for the commission of a misdemeanor committed in such . . . officer's presence . . . shall issue a citation to such arrested person to appear in court in lieu of [ ] continued custody . . . ."

The code then enumerates eight circumstances in which a citation should *not* issue: (1) the arrestee requires medical care, or is unable to care for his own safety; (2) the offense would continue or resume, or the arrestee would endanger persons or property; (3) the arrestee cannot offer satisfactory evidence of identification; (4) prosecution of the offense would be jeopardized; (5) there is a reasonable likelihood that the arrestee will fail to appear in court; (6) the arrestee demands to be taken immediately to a magistrate, or refuses to sign the citation; (7) the arrestee is so intoxicated that he could be a danger to himself or others; or (8) there are one or more outstanding arrest warrants for the arrestee. Tenn. Code Ann. § 40-7-118(c).

There is no evidence that defendant's situation falls within any of these exceptions to the citation requirement. Nor is there evidence of facts consistent with the "historical rationales for the 'search incident to arrest' exception: (1) the need to disarm the suspect . . . and (2) the need to preserve evidence for later use at

---

[3]As recited in defendant's appellate brief, the Somerville ordinance in question reads:

> "It shall be unlawful for any person to drink, consume or have any open can or bottle of beer or intoxicating liquor in or on any public street, alley, avenue, highway, sidewalk, public park, public school grounds or other public places."

trial." Knowles v. Iowa, ___ U.S. ___, 119 S.Ct. 484, 488 (1998).  Had the officers issued the required citation to defendant, all evidence necessary to prosecute the violation of the city ordinance would have been obtained.  *See* Knowles, 119 S.Ct. at 488.  Under these circumstances, the officers were limited to issuing a citation to defendant rather than effecting a full custodial arrest.

This is not to say the officers were unreasonable in their request to have defendant exit the car.  It is well-recognized that for the purpose of officer safety, both the driver and passenger may be ordered out of a vehicle in the course of a routine traffic stop.  Knowles, 119 S.Ct. at 488 (citations omitted).  Furthermore, the officers would not be prohibited from performing a *Terry* patdown had there been reasonable suspicion that defendant was armed and dangerous.  Knowles, 119 S.Ct. at 488; Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).  However, the evidence does not establish that the officers believed, or had any reason to believe, the defendant was armed and dangerous.

The crucial issue can be easily understood in another context.  If a person is "jaywalking" in violation of a city ordinance, an officer certainly has the right to approach and cite the "jaywalker."  However, the officer has no right to perform a patdown search of the "jaywalker" absent a reasonable suspicion the "jaywalker" is armed and dangerous.

In conclusion, there is no proof of any facts which would justify the warrantless search of defendant.  Thus, the evidence seized in the search must be suppressed.

Although this issue is dispositive and requires reversal and dismissal, we address defendant's remaining issues in the event of an appeal to the Tennessee Supreme Court.

### III. MOTION TO SUPPRESS STATEMENT

Defendant claims the trial court also erred in failing to suppress his statement to TBI Agent Francisco Hidalgo.  On June 16, 1997, Agent Hidalgo, unaware of defendant's present charge, went to the Fayette County jail to see defendant.

5

Hidalgo needed a photograph and fingerprints in order to close the TBI file on defendant's unrelated charges. During their encounter at the jail, defendant revealed information to Agent Hidalgo about the present charge.

At the suppression hearing, defendant testified that he was told someone wanted to see him. He was brought downstairs where he expected to see his lawyer, but instead found Agent Hidalgo. Ricky Wilson identified defendant for Hidalgo and then helped fingerprint and photograph defendant. Defendant asserts he neither requested an interview, nor was he given a choice whether to meet with the agent. Hidalgo asked defendant to answer some questions and sign papers, but defendant refused and asked for his attorney. When Hidalgo read the Miranda waiver to defendant, he signed them but continued asking for an attorney.

Agent Hidalgo also testified at the suppression hearing. His testimony indicated that the purpose for his visit to the jail that day was to close out his file on defendant's unrelated case. When defendant was brought downstairs, the agent identified himself to defendant. While preparing the fingerprinting machine, Agent Hidalgo informed defendant of his Miranda rights. Defendant then told the agent he wanted to talk to him privately. Once they were alone, defendant gave Agent Hidalgo information about several people involved in drug trafficking and volunteered information relating to the present case. According to Hidalgo, he did not solicit this information.

The trial court overruled the motion to suppress the statement but made no findings of fact on the issue. This precludes any meaningful appellate review and would ordinarily require a remand for findings.

Regardless, defendant's statement to Hidalgo, as it related to the present case, revealed no prejudicial information. Essentially, defendant admitted only that there were drugs on his person the night of his arrest by the Somerville police; a fact that the state clearly established at trial. If the trial court erred in failing to suppress this statement, such error would have been harmless. Tenn. R. App. P. 36(b).

## IV. SUFFICIENCY OF THE EVIDENCE

6

Defendant asserts there was insufficient evidence to convict him of possession of cocaine with intent to deliver. When reviewing the trial court's judgment, this Court will not disturb a verdict of guilt unless the facts of the record and inferences which may be drawn from it are insufficient as a matter of law for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); Tenn. R. App. P. 13(e); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

In this instance, police found 1.7 grams of crack cocaine in defendant's jacket pocket, and no paraphernalia or apparatus indicative of personal use. Additionally, they found a bag containing 5.1 grams of baking soda, which testimony revealed is an agent used in the manufacture of crack cocaine. Furthermore, the jury can infer an intent to sell or dispense drugs based upon the amount of drugs possessed by defendant. Tenn. Code Ann. § 39-17-419.

Taking this information in the light most favorable to the state, evidence was sufficient to convict defendant of possessing cocaine with intent to deliver. This issue is without merit.

## V. REDIRECT TESTIMONY

Defendant complains that the trial court erred in allowing Officer Dillard to testify on redirect examination regarding the city ordinance which was the basis for the search of defendant. The admissibility of testimony and other evidence, as well as the scope of redirect examination, is within the discretion of the trial court, whose ruling will not be reversed absent an abuse of that discretion. State v. Barnard, 899 S.W.2d 617, 624 (Tenn. Crim. App. 1994).

The defense "opened the door" to Dillard's testimony by eliciting on cross-examination the basis for the search. The trial court did not abuse its discretion by allowing the state to attempt to clarify that testimony in its redirect examination.

This issue is without merit.

## VI. PRE-TRIAL MOTIONS

Defendant further contends that the trial court erred in failing to enter a written order regarding his plethora of pre-trial motions. Nonetheless, he acknowledges in his brief that the trial court did, in fact, grant those motions. Defendant has failed to prove any prejudice. Tenn. R. App. P. 36(b).

This issue is without merit.


## VII. SENTENCE

Finally, defendant contests the Range II, 16-year sentence imposed by the trial court. Although this issue is moot in light of our reversal, we note that defendant was improperly sentenced as a Range II multiple offender.

For purposes of sentence enhancement, "'prior conviction' means a conviction that has been *adjudicated* prior to the commission of the more recent offense for which sentence is to be imposed." State v. Blouvett, 904 S.W.2d 111, 113 (Tenn. 1995)(emphasis added). The current offense was committed November 22, 1996. One of the "prior convictions" used to enhance his sentencing range was adjudicated December 5, 1996; the second and third were adjudicated on December 12, 1996.

Had defendant's conviction been affirmed by this Court, the dictates of Blouvett would require a remand for re-sentencing as a Range I standard offender.


## CONCLUSION

Based upon the foregoing, we find the trial court erred in failing to suppress evidence seized in the course of an improper search. Accordingly, the judgment of the trial court is REVERSED, and the case DISMISSED.


_____
**JOE G. RILEY, JUDGE**

8

**CONCUR:**

_____
**JOHN H. PEAY, JUDGE**

_____
**JAMES C. BEASLEY, SR., SPECIAL JUDGE**