# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### September 19, 2000 Session

## STATE OF TENNESSEE v. BERNARD JEROME JONES

### Appeal from the Criminal Court for Davidson County
### No. 98-C-2015    Cheryl Blackburn, Judge

---

### No. M2000-00018-CCA-R3-CD - Filed October 20, 2000

---

The defendant was convicted by a Davidson County jury of possession with intent to sell or deliver 0.5 grams or more of cocaine. The trial court sentenced defendant to 16 years incarceration as a Range II multiple offender. In this appeal as a matter of right, defendant makes the following allegations of error: (1) the evidence was insufficient to support a finding of guilt; (2) the trial court erred by ruling that if defendant testified, the state could impeach his credibility by introducing defendant's prior drug convictions; and (3) the trial court erred in sentencing defendant to 16 years incarceration. After a thorough review of the record, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

Glenn R. Funk (at trial) and Jennifer Lynn Thompson (on appeal), Nashville, Tennessee, for the appellant, Bernard Jerome Jones.

Paul G. Summers, Attorney General and Reporter; David Findley, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Roger D. Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The appellant was convicted of possession with intent to sell or deliver 0.5 grams or more of cocaine and sentenced to 16 years incarceration as a Range II multiple offender. The defendant filed this appeal as a matter of right alleging the following errors:

(1) the evidence was insufficient to support a finding of guilt;

(2) the trial court erred by ruling that if defendant testified, the state could impeach his credibility by introducing defendant's prior drug convictions; and
(3) the trial court erred in sentencing defendant to 16 years incarceration.

Upon careful review of the record, we affirm the judgment of the trial court.

## I.  FACTS

The defendant was present at the residence of Gerald Dorris and roommate, Chris Schutt, on March 18, 1998.  Dorris testified that defendant stopped by unexpectedly and ate dinner with them. Dorris or Schutt inquired if anyone had any cocaine.  Schutt testified that defendant responded that he possessed cocaine.

Lieutenant Melvin Brown, accompanied by additional officers, appeared at the residence to serve an arrest warrant on Dorris.  Immediately after entering the residence, Brown saw defendant place his hand quickly inside his pocket.  Brown grabbed defendant by his arm and seized cocaine from his hand.  The cocaine consisted of one bag filled with eight individual bags of rock cocaine, weighing 4.7 grams, plus one bag of powder cocaine, weighing 1.2 grams.  Defendant was arrested, and $345.00 in cash was found in his possession.

Officers also seized two glass test tubes, a glass plate with white powder on it, a metal crack pipe, a metal crack pipe cleaner, a pair of forceps, a spoon with white residue on it, and marijuana. No measuring scales were seized from the location.

Both Dorris and Schutt testified for the defense.  Both testified they intended to use drugs with the defendant, but that defendant had not asked to be paid for the drugs.  Neither observed defendant attempt to sell drugs that evening.  The defendant did not testify at trial.

Based on the evidence, the jury convicted the defendant of possession with intent to sell or deliver 0.5 grams or more of cocaine.  This appeal followed.

## II.  SUFFICIENCY OF THE EVIDENCE

The defendant contends that the evidence is insufficient as a matter of law to sustain his conviction for possession with intent to sell or deliver 0.5 grams or more of cocaine.  We disagree.

## A.  Standard of Review

When an accused challenges the sufficiency of the evidence, this court must review the record to determine if the evidence adduced during the trial was sufficient "to support the findings

by the trier of fact of guilt beyond a reasonable doubt."  Tenn. R. App. P. 13(e). This rule is

applicable to findings of guilt predicated upon direct evidence, circumstantial evidence or a combination of direct and circumstantial evidence. State v. Brewer, 932 S.W.2d 1,18 (Tenn. Crim. App.1996).

In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn.1978). Nor may this court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). To the contrary, this court is required to afford the state the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Tuttle, 914 S.W.2d 926, 932 (Tenn. Crim. App.1995).

## B. Analysis

Upon arrest, officers seized 4.7 grams of rock cocaine and 1.2 grams of powder cocaine from defendant. Nine small plastic bags were found on defendant. The 4.7 grams of rock cocaine were divided into eight individual bags, and the 1.2 grams of powder cocaine were located in one individual bag. Additionally, officers seized $345 in cash from defendant. This evidence is sufficient to support the verdict.

Tenn. Code Ann. § 39-17-419 states that, "[i]t may be inferred from the amount of a controlled substance or substances possessed by an offender, along with other relevant facts surrounding the arrest, that the controlled substance or substances were possessed with the purpose of selling or otherwise dispensing." Accordingly, a jury can infer from the amount of controlled substances seized from a defendant, in addition to all other relevant facts surrounding the arrest, that a defendant intended to sell or otherwise dispense the substances. *See* State v.Chearis, 995 S.W.2d 641, 645 (Tenn. Crim. App. 1999). Given that 4.7 grams of individually packaged crack cocaine, 1.2 grams of powder cocaine, and $345.00 were seized from the defendant, the evidence is sufficient to show beyond a reasonable doubt that defendant possessed such substances with the intent to sell or deliver them. This issue is without merit.

### III. ADMISSIBILITY OF PRIOR CONVICTIONS

Defendant claims that the trial court erred by ruling that if defendant testified, the state could impeach his credibility by introducing his three prior drug convictions for attempted possession of cocaine over 0.5 grams for resale. This court has reached different conclusions as to whether prior drug convictions are suggestive of dishonesty. *See* State v. Brian Roberson, C.C.A. No. 01C01-9801-CC-00043, 1998 WL 917804, at *7 (Tenn. Crim. App. filed December 21, 1998, at Nashville), *perm. to app. denied* (Tenn. May 13, 1999) (the act of drug dealing is suggestive of dishonesty); State v. Jeffrey Walker, No. 01C01-9705-CC-00200, 1999 WL 961387, at *5 (Tenn. Crim. App. filed October 22, 1999, at Nashville) (selling drugs does not involve "dishonesty or false statement"). We need not resolve these conflicts in this case.

Defendant moved the trial court to disallow introduction of defendant's record of prior drug

3

convictions. The trial judge denied defendant's motion indicating that she did not know what defendant's testimony would be, and further stated that drug violations involve dishonesty. Although given an opportunity to do so, defendant failed to make an offer of proof as to what his testimony would be; thus, we are unable to determine the nature of his proposed testimony. Accordingly, defendant has failed to demonstrate that he was prejudiced by the trial court's ruling. *See* State v. Galmore, 994 S.W.2d 120, 125 (Tenn. 1999) (although an offer of proof is unnecessary to preserve this issue, it may be the only way to demonstrate prejudice).

Despite defendant's failure to make an offer of proof, this court will analyze defendant's allegation of error. Defendant contends that drug sales are not proof of dishonest behavior as contemplated by Tenn. R. Evid. 609; accordingly, their probative value on defendant's credibility as a witness is minimal while their prejudicial effect is great. Regardless of whether the prior drug convictions were admissible for impeachment purposes, they were admissible to prove defendant's intent to sell or deliver the drugs. Tenn. R. Evid. 404(b) states,

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity with the character trait. It may, however, be admissible for other purposes. The conditions which must be satisfied before allowing such evidence are: (1) [t]he court upon request must hold a hearing outside the jury's presence; (2) [t]he court must determine that a material issue exists other than conduct conforming with a character trait and must upon request state on the record the material issue, the ruling, and the reasons for admitting the evidence; and (3) [t]he court must exclude the evidence if its probative value is outweighed by the danger of unfair prejudice.

Evidence of other crimes committed by the accused, that are similar to the crime charged, is relevant and admissible when it shows the requisite criminal intent necessary to prove the crime charged. State v. Alfred F. Hampton, No. 01C01-9301-CR-00041, 1994 WL 17063, at *3(Tenn. Crim. App. filed January 20, 1994, at Nashville) (*citing* Mays v. State, 238 S.W. 1096, 1103 (Tenn. 1921)).

In State v. Little, 854 S.W.2d 643 (Tenn. Crim. App. 1992), this court upheld the trial court's admittance of an accomplice's testimony concerning the defendant's prior drug sales. This court found that the defendant's prior bad acts rebutted his defense that "he was merely a victim of circumstance and not the drug dealer that the state was attempting to paint him." *Id*. at 649. Additionally, this court concurred with the trial court's determination that the probative value of the testimony outweighed any danger of unfair prejudice. *Id*.

This court also reached a similar conclusion in State v. Johnny Wayne Tillery, No. 01C01-9506-CC-00182, 1998 WL 148326 (Tenn. Crim. App. filed March 30, 1998, at Nashville), *perm. to app. denied* (Tenn. December 14, 1998). In Tillery, the defendant appealed the trial court's decision to admit testimony and audio tapes revealing defendant's participation in prior drug sales. *Id*. at *7. This court upheld the trial court's finding that the evidence that connected the defendant to prior drug sales had sufficient probative value to outweigh any unfair prejudice, and the pattern of prior drug sales was probative of the defendant's knowledge and intent to possess cocaine for

4

resale. *Id.*

In the present case, defendant did not dispute that he possessed cocaine; the crucial issue was whether he <u>intended</u> to sell or deliver the cocaine. Evidence of defendant's prior drug convictions is clearly relevant to intent, and probative value would outweigh any danger of unfair prejudice. If these prior convictions had been erroneously admitted for impeachment purposes under Tenn. R. Evid. 609, their admission would be harmless error since they were admissible relative to defendant's intent under Tenn. R. Evid. 404(b).

## IV. SENTENCING

### A. Standard of Review

Finally, defendant contests the length of his sentence based upon the weight the trial court assigned to the enhancement factors. This court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. <u>State v. Ashby</u>, 823 S.W.2d 166, 169 (Tenn. 1991).

No particular weight for enhancement and mitigating factors is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as the trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record. <u>State v. Moss</u>, 727 S.W.2d 229, 238 (Tenn. 1986); <u>State v. Leggs</u>, 955 S.W.2d 845, 848 (Tenn. Crim. App. 1997); *see* Tenn. Code Ann. § 40-35-210 Sentencing Commission Comments.

### B. Analysis

The trial court found defendant to be a Range II offender and, after applying enhancing and mitigating factors, sentenced him to 16 years incarceration. As defined by statute, a Range II offender found guilty of a Class B felony is subject to a sentence of "not less than twelve nor more than twenty years." Tenn. Code Ann. § 40-35-112(b)(2). The defendant was convicted of three prior Class C felonies, each felony resulting from criminal acts that occurred in separate twenty-four hour periods. Defendant was properly classified as a Range II multiple offender. *See* Tenn. Code Ann. §40-35-106(a)(1), (b)(4).

The trial judge first used eleven prior misdemeanors to enhance the sentence. *See* Tenn. Code Ann. § 40-35-114(1) (prior criminal convictions). The trial court could have also used one of the prior drug felony convictions as an enhancement factor because only two of defendant's prior felony convictions were needed to establish him as a Range II offender.

The trial court also enhanced defendant's sentence since "the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community." Tenn. Code Ann. § 40-35-114(8). Defendant previously violated conditions of

5

community corrections when he failed to attend a drug program, and defendant later violated probation when he tested positive for drug use. The trial court properly applied this enhancement factor.

The trial court sentenced defendant to the mid-range sentence of 16 years. As discussed previously, the weight given each factor is subject to the trial court's discretion. Moss, 727 S.W.2d at 238. We find the trial court properly followed the sentencing guidelines, and the sentence imposed was well within its discretion. This issue is without merit.

### CONCLUSION

Based on our review of the record, we conclude that (1) the evidence was sufficient to sustain the conviction; (2) defendant was not prejudiced by the trial court's ruling regarding admission of his prior convictions; and (3) the length of the sentence was proper. Accordingly, the judgment of the trial court is affirmed.

_____
JOE G. RILEY, JUDGE

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
September 19, 2000 Session

# STATE OF TENNESSEE v. BERNARD JEROME JONES

**Criminal Court for Davidson County**
**No. 98-C-2015**

---

**No. M2000-00018-CCA-R3-CD**

---

**JUDGMENT**

Came the appellant, BERNARD JEROME JONES, by counsel, and the state, by the Attorney General, and this case was heard on the record on appeal from the Criminal Court of Davidson County; and upon consideration thereof, this Court is of the opinion that there is no reversible error in the judgment of the trial court.

It is, therefore, ordered and adjudged by this Court that the judgment of the trial court is affirmed, and the case is remanded to the Criminal Court of Davidson County for execution of the judgment of that court and for collection of costs accrued below.

It appears that appellant is indigent. Costs of appeal will be paid by the State of Tennessee.


Per Curiam

Joe G. Riley, Judge
David H. Welles, Judge
Norma McGee Ogle, Judge