IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
April 10, 2001 Session

## STATE OF TENNESSEE v. EARNEST CUNNINGHAM

Direct Appeal from the Circuit Court for Dyer County
No. C-99-179     Russell Lee Moore, Jr., Judge

---

No. W2000-00343-CCA-R3-CD - Filed July 16, 2001

---

The defendant appeals, via certified question of law, the trial court's denial of his motion to suppress cocaine seized as a result of a warrantless search of the defendant's pockets. Because the officer made a lawful full custodial arrest of the defendant and searched the defendant incident to this lawful full custodial arrest, we affirm the trial court's denial of the defendant's motion to suppress.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOE G. RILEY and ROBERT W. WEDEMEYER, JJ., joined.

Charles S. Kelly, Sr., Dyersburg, Tennessee, for the appellant, Earnest Cunningham.

Paul G. Summers, Attorney General & Reporter; J. Ross Dyer, Assistant Attorney General; and C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant, Earnest Cunningham, was indicted by the Dyer County Grand Jury on June 14, 1999, for violations of Tennessee Code Annotated section 39-17-310, public intoxication, and Tennessee Code Annotated section 39-17-417, possession of cocaine over .5 grams with intent to sell or deliver. On September 3, 1999, the defendant filed a motion to suppress the cocaine, which was seized upon his arrest for public intoxication. A hearing on the motion was held on October 26, 1999, and the trial court entered an order denying the motion on December 18, 1999.

With consent of the court and the District Attorney General, on February 11, 2000, the defendant pled guilty to violating Tennessee Code Annotated section 39-17-417, possession of cocaine over .5 grams, reserving the right to appeal a certified question of law regarding the suppression of the cocaine. Also on February 11, 2000, the trial court entered a judgment on the

guilty plea, which cross-referenced an order simultaneously filed that set out the specific nature of the certified question.

This order specifically stated that the question reserved is dispositive of the case and is reserved with consent of the court and the District Attorney General. The specific question reserved is whether the trial court erred in denying the defendant's motion to suppress the cocaine. Also listed in the order are the specific grounds upon which the defendant contends the evidence should have been suppressed. This judgment and accompanying order clearly met the requirements set forth in State v. Preston, 759 S.W.2d 647 (Tenn. 1988) and State v. Pendergrass, 937 S.W.2d 834 (Tenn. 1996). See also Tenn. R. Crim. P. 37. The defendant filed his notice of appeal on February 11, 2000. Thus, the certified question of law is properly before this court for review.

**Facts**

On February 18, 1999, the defendant was at the Lane Grocery and Restaurant and had consumed several alcoholic beverages. The owner of the restaurant determined that the defendant should not be served any more alcohol. The defendant got upset and began causing trouble in the restaurant. At one point, he squirted a waitress in the face and hair with ketchup. The waitress then called the Dyer County Sheriff's Department to report the incident. Prior to any officers arriving, the owner asked the defendant to leave and the defendant was ultimately escorted outside to the porch.

Officer Chad Barron responded to the call at the restaurant after receiving a dispatch that a man was intoxicated and causing problems. As Officer Barron pulled into the parking lot, he witnessed the defendant stumble off the porch and start walking across the parking lot. Officer Barron then spoke with the defendant and smelled an odor of alcohol about his person. He then ascertained that the defendant was the one causing problems. As Officer Barron spoke with the defendant, he noticed the defendant's speech was slurred. He determined that the defendant was intoxicated and possibly posed a danger to himself and others. Officer Barron then placed the defendant under arrest. Subsequent to placing the defendant in custody, Officer Barron checked the defendant's pockets and found a plastic wrapper containing eight packages of cocaine.

**Analysis**

The defendant asserts, via certified question of law, that the trial court erroneously denied his motion to suppress the cocaine seized from him because the search that revealed the cocaine was not valid. He contends that he was not arrested when he was searched and that the search violated the parameters of Terry v. Ohio, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). The State contends, however, that the defendant was under custodial arrest for violation of Tennessee Code Annotated section 39-17-310, public intoxication, when he was searched by the officer, and therefore, the search was a valid search incident to custodial arrest. See, e.g., Chimel v. California, 395 U.S. 752, 763, 89 S. Ct. 2034, 2040, 23 L. Ed. 2d 685 (1969); State v. Crutcher, 989 S.W.2d 295, 300 (Tenn. 1999).

A person commits the offense of public intoxication when they appear "in a public place under the influence of a controlled substance or any other intoxicating substance to the degree that: (1) [t]he offender may be endangered; [or] (2) [t]here is endangerment to other persons or property." Tenn. Code Ann. § 39-17-310(a)(1), (2). Public intoxication is a Class A misdemeanor. Tenn. Code Ann. § 39-17-310(b). Although police officers may, without obtaining an arrest warrant, arrest an individual who has committed a misdemeanor in their presence, see Tenn. Code Ann. § 40-7-103(a)(1), police officers must issue a citation and may not effect a full custodial arrest for a misdemeanor violation unless one of the eight exceptions apply. See Tenn. Code Ann. § 40-7-118, State v. Chearis, 995 S.W.2d 641, 644 (Tenn. Crim. App. 1999). The exception relied upon by the State is Tennessee Code Annotated section 40-7-118(c)(7), which includes a person that is "so intoxicated that such person could be a danger to such person or to others."

The evidence at the suppression hearing showed that when Officer Barron arrived at the Lane Grocery, he saw the defendant stumble off the porch and start walking across the parking lot. The officer spoke to the defendant and determined that he was intoxicated because he was unsteady on his feet and was having trouble speaking. The officer testified that he felt like the defendant posed a danger to himself and others, and therefore, he effectuated a full custodial arrest of the defendant. The trial court agreed with the State that the officer made a valid full custodial arrest of the defendant.

As this court has previously held, we grant trial courts considerable deference in reviewing its findings on these issues in suppression hearings because such courts are uniquely positioned to observe the demeanor and conduct of witnesses. See State v. Moats, 906 S.W.2d 431, 435 (Tenn 1995). These findings will be upheld unless the evidence preponderates otherwise. See State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). In reviewing the record before us, we conclude that the evidence does not preponderate against the trial court's finding that this was a valid full custodial arrest.

Because we agree with the trial court that this was a valid full custodial arrest, we must now analyze the basis for the warrantless search of the defendant. As previously noted, the defendant contends that the search of his person violated the parameters of Terry v. Ohio, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). However, Terry applies to investigatory stops based upon reasonable suspicion, not searches done incident to an arrest. See id. When officers make a lawful full custodial arrest of a person, they may search the person arrested without obtaining a warrant. See Chimel v. California, 395 U.S. 752, 763, 89 S. Ct. 2034, 2040, 23 L. Ed. 2d 685 (1969); State v. Crutcher, 989 S.W.2d 295, 300 (Tenn. 1999). The defendant in this case was under lawful full custodial arrest, and therefore, the search of his pockets revealing the cocaine was a valid search.

## Conclusion

Because the officer made a lawful full custodial arrest of the defendant and searched the defendant incident to this lawful full custodial arrest, the trial court correctly denied the defendant's

motion to suppress the cocaine seized as a result of the search. We affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE