IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs March 4, 2008

**STATE OF TENNESSEE v. KEVEN SCOTT**

**Direct Appeal from the Criminal Court for Shelby County**
**No. 06-01965     Chris Craft, Judge**

**No. W2007-01636-CCA-R3-CD  - Filed August 20, 2008**

The appellant, Keven Scott,[1] was convicted by a jury in the Shelby County Criminal Court of possession of more than .5 grams of cocaine with the intent to deliver, possession of cocaine, and possession of marijuana. The trial court merged the cocaine convictions and sentenced the appellant to a total effective sentence of seventeen years in the Tennessee Department of Correction. On appeal, the appellant challenges the sufficiency of the evidence supporting his conviction for possession of more than .5 grams of cocaine with the intent to deliver. Upon our review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA McGEE OGLE, J., delivered the opinion of the court, in which THOMAS T. WOODALL and D. KELLY THOMAS, JR., JJ., joined.

Garland Ergüden (on appeal) and Trent Hall (at trial), Memphis, Tennessee, for the appellant, Keven Scott.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; William L. Gibbons, District Attorney General; and Chris West, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

In January 2006, a Shelby County Grant Jury returned a multi-count indictment against the

---

[1] At the sentencing hearing, the appellant testified that the correct spelling of his name is "Kevin Scott." However, we will use the spelling utilized in the indictments.

appellant, charging him on count one with the possession of more than .5 grams of cocaine with the intent to sell, on count two with the possession of more than .5 grams of cocaine with the intent to deliver, and on count four with possession of marijuana.[2] At trial, Memphis Police officer Justin Sheriff testified that at 4:00 p.m. on December 3, 2005, he was in his squad car, traveling north toward American Way. On his left, he saw a woman at a gas station "hysterically yelling" at him to pull over. Officer Sheriff parked at the gas station and asked the woman what was wrong. She pointed to the appellant.

Officer Sheriff said that the appellant made eye contact with him and mouthed the words, "Oh, f[*]ck." The appellant "started to motion toward his pants," and Officer Sheriff, fearing the appellant was reaching for a weapon, drew his gun and pointed it at the appellant. Officer Sheriff ordered the appellant to put his hands on the wall of the gas station, and the appellant complied. Officer Sheriff holstered his gun and approached the appellant. He grabbed the appellant by the back of his belt in order to control him if he became aggressive. The appellant reached back, and Officer Sheriff thought the appellant was going to hit him. He placed the appellant on the ground and radioed for backup. While awaiting backup, Officer Sheriff performed a quick pat-down of the appellant to check for weapons and placed him in the back of the squad car.

After backup arrived, Officer Sheriff removed the appellant from the squad car and conducted a more thorough search. During the search, three small packages fell from the appellant's pants. Officer Sheriff later ascertained that the packages contained marijuana and cocaine. Officer Sheriff testified that he did not find any drug paraphernalia during the search. Officer Sheriff could not remember the amount of money the appellant had at the time of the search. After the search, the appellant was arrested.

Agent Jessica Marquez with the Tennessee Bureau of Investigation (TBI) crime laboratory testified that she tested the substances seized by Officer Sheriff. Testing revealed that a green substance submitted for testing by Officer Sheriff was 4.2 grams of marijuana. Testing further revealed that a white substance submitted for testing by Officer Sheriff was 9.0 grams of cocaine.

Based upon the foregoing proof, the jury found the appellant guilty on count one of simple possession of cocaine, a Class A misdemeanor; on count two of possession of more than .5 grams of cocaine with the intent to deliver, a Class B felony; and on count four of simple possession of marijuana, a Class A misdemeanor. The trial court merged the misdemeanor cocaine conviction into the felony cocaine conviction. After the jury returned the verdicts, the State presented the jury with proof of the appellant's three prior convictions for possession of a controlled substance. The jury then found the appellant guilty of three or more prior possessions of a controlled substance, which enhanced the appellant's misdemeanor conviction for possession of marijuana to a Class E felony.

Thereafter, the trial court sentenced the appellant as a Range II multiple offender to seventeen

---

[2] On count three, the appellant was charged with the assault of Flementine Jenkins; however, this count was nolle prossed prior to trial.

years for the cocaine conviction and three years for the marijuana conviction. On appeal, the appellant challenges the sufficiency of the evidence underlying his conviction of possession of more than .5 grams of cocaine with the intent to deliver.[3]

## II. Analysis

The appellant contends that there was no proof that he possessed the controlled substances for delivery; however, the appellant does not dispute that he possessed the cocaine. On appeal, a jury conviction removes the presumption of the appellant's innocence and replaces it with one of guilt, so that the appellant carries the burden of demonstrating to this court why the evidence will not support the jury's findings. See State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). The appellant must establish that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Tenn. R. App. P. 13(e).

Accordingly, on appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. See State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). In other words, questions concerning the credibility of witnesses and the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, and not the appellate courts. See State v. Pruett, 788 S.W.2d 559, 561 (Tenn. 1990).

In order to sustain the appellant's conviction, the State was required to prove that the appellant knowingly possessed more than .5 grams of cocaine with the intent to deliver. Tenn. Code Ann. §§ 39-17-417(a)(4), 39-17-419 (2003). "The one element present in almost all criminal offenses which is most often proven by circumstantial evidence is that relating to the culpable mental state." State v. Harold Wayne Shaw, No. 01C01-9312-CR-00439, 1996 WL 611158, at *3 (Tenn. Crim. App. at Nashville, Oct. 24, 1996). Notably, Tennessee Code Annotated section 39-17-419 (2003) provides, "It may be inferred from the amount of a controlled substance . . . , along with other relevant facts surrounding the arrest, that the controlled substance or substances were possessed with the purpose of selling or otherwise dispensing."

In the instant case, Officer Sheriff testified that the appellant was distressed when he made eye contact with the officer. When Officer Sheriff searched the appellant, three plastic baggies containing 9.0 grams of cocaine and 4.5 grams of marijuana fell from the appellant's pants. Officer Sheriff testified that the appellant did not possess any drug paraphernalia, suggesting that the cocaine was not for the appellant's personal use. The jury, after seeing the packaging of the substantial amount of cocaine and considering the lack of drug paraphernalia and the testimony of the State's witnesses, found the appellant guilty of possessing over .5 grams of cocaine with the intent to deliver. We conclude that the evidence is sufficient to support this conviction. See State v. Chearis,

---

[3] The appellant does not challenge his conviction for simple possession of marijuana.

995 S.W.2d 641, 645 (Tenn. Crim. App. 1999); Shaw, No. 01C01-9312-CR-00439, 1996 WL 611158, at **3-4.

### III. Conclusion

Based upon the foregoing, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE