# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs August 5, 2014

## STATE OF TENNESSEE v. DERISHON WADLINGTON

**Appeal from the Circuit Court for Obion County**
**No. CC-13-CR-127      William B. Acree, Jr., Judge**

---

### No. W2013-02521-CCA-R3-CD – Filed March 18, 2015

---

The defendant, Derishon Wadlington, was detained in a Union City Walmart store, after being observed attempting to leave the premises without paying for a belt, which she had in her possession. Union City police officers were called and, taking the defendant into custody, found a small clear bag containing a green leafy substance in her purse. At the jail, her purse was inventoried and found to contain a large clear bag containing a white powder, which was determined to be cocaine. She filed a motion to suppress the evidence, which was granted after the trial court determined that the officers lacked probable cause to arrest the defendant. The State appealed. Following our review, we conclude that the officers had probable cause to arrest the defendant, and, thus, the subsequent search of her purse was lawful. Accordingly, we reverse the trial court's suppression of the evidence and remand the matter to the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded

ALAN E. GLENN, J., delivered the opinion of the court, in which ROGER A. PAGE, J., joined. THOMAS T. WOODALL, P.J., filed a dissenting opinion.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Senior Counsel; Thomas A. Thomas, District Attorney General; and James T. Cannon, Assistant District Attorney General, for the appellant, State of Tennessee.

No appellate brief filed on behalf of appellee. Steve Conley, Union City, Tennessee (at trial), for the appellee, Derishon Wadlington.

## OPINION

## <u>FACTS</u>

On June 3, 2013, the Obion County Grand Jury returned a six-count indictment charging the defendant with theft of property valued at $500 or less, shoplifting, misdemeanor possession of marijuana, introduction of a controlled substance into a penal institution, possession of a controlled substance in a penal institution, and possession of twenty-six grams or more of cocaine with intent to deliver or sell. She subsequently filed a motion to suppress all evidence of the marijuana and cocaine, arguing that her arrest was illegal.

At the August 30, 2013 suppression hearing, David Lowry testified that on February 8, 2013, he was an asset protection employee at Walmart in Union City. As he was walking through the men's clothing department that day, he observed the defendant "take a belt, remove the tag from it and put the belt on." The defendant then headed toward the doors, and Lowry alerted management and followed the defendant. He stopped her "[j]ust outside the first set of doors in the . . . vestibule" past the checkouts. He introduced himself to the defendant and told her he needed to talk to her about the merchandise she had. They then went to the office at the back of the store for him to complete documentation and recover the merchandise. Lowry asked the defendant for her address, and she initially said she was from Union City. The defendant told Lowry she did not have a driver's license or other proof of identification. Lowry said that during the course of their discussion, it came out that the defendant was from Illinois. Lowry explained that because the defendant had "no driver's license, no proof of who she [was], an out-of-state address, [the store's] policy [was] to call the police department at that time."

In response to questioning from the trial court, Lowry said that if the defendant had lived in Union City and had produced a Tennessee driver's license, he would have completed the paperwork for her to be entered into the store's worldwide database of people caught shoplifting and she would have been allowed to leave.

On cross-examination, Lowry said that if the defendant had tried to run, he would have called the police department, explaining that the store's policy was not to chase a suspect "due to several incidents that [had] happened in the past." He acknowledged that it was store policy not to initiate citizen's arrests if there was going to be a physical altercation.

Officer Robert Osborne with the Union City Police Department testified that he responded to a shoplifting call at Walmart on February 8, 2013. Officer Chucky Moran also responded to the scene. Mr. Lowry told Officer Osborne that the defendant had stolen an $8 belt and handed him the defendant's Illinois driver's license. The defendant was taken into custody, and after they got outside to the patrol car, Officer Osborne asked the defendant if she wanted the officers to put the money in her hand in her purse. The defendant said yes, and Officer Moran placed the money in the defendant's purse. As he

2

did so, he noticed a small clear bag containing "a green leafy substance" in her purse. The officers then transported the defendant to the county jail and began the booking process. As the officers were inventorying the defendant's purse, they found "a large clear bag of white powder substance," which field-tested positive for cocaine. The substance was subsequently sent to the crime lab and verified as being cocaine. The weight was determined to be 70.38 grams.

On cross-examination, Officer Osborne said he made the decision to arrest the defendant because: "She was from Illinois. Our policy states that it's only from the border counties in the [S]tate of Tennessee, people in Obion County with a proper identification, and nobody from out of state qualifies for a misdemeanor citation process." He explained that the policy was based on the "likelihood of them [out-of-state residents] not showing up for court."

Officer Chucky Moran with the Union City Police Department testified that he responded to the shoplifting call at Walmart, arriving at about the same time as Officer Osborne. Lowry advised the officers about what had happened, and the defendant gave the officers an out-of-state identification. The defendant was handcuffed and taken outside. Officer Moran carried the defendant's purse and explained what happened when they got outside to the parking lot:

> [The defendant] had some cash in her hand. At the time, she was begging, "Please don't take me to jail; please don't take me to jail." I believe she said, "I have the money to pay for it." Well, unfortunately, we weren't able to do that. . . . I asked her if she wanted me to give her purse to her boyfriend because she was requesting to speak with him. . . . I looked back down toward the garden center, she said, "There he is right there in that van." So I motioned for him to come down to where I was at. I was going to give him the purse. He – when he saw me motion for him, he cut out of the parking lot and went out, and the last time I saw him going out was by Shell Pockets. He went out across the parking lot.
>
> At that time, I asked [the defendant] what she wanted me to do with the money that she had, because she had some money in her hand. . . . [S]he said we could put it in her purse. When I unzipped the purse to drop the money in it, I saw a clear plastic baggie with marijuana down inside the purse. It was just a little shallow pink purse.

On cross-examination, Officer Moran said it was the police department's policy to place the defendant under arrest in lieu of the cite-and-release procedure because she was from out of state.

At the conclusion of the hearing, the trial court took the matter under advisement and subsequently entered an order granting the defendant's motion to suppress evidence of the drugs found in her purse.

## ANALYSIS

The State argues that the trial court erred in concluding that the defendant's arrest was illegal and that the evidence must be suppressed.

When this court reviews a trial court's ruling on a motion to suppress, "[q]uestions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). The party prevailing at the suppression hearing is afforded the "strongest legitimate view of the evidence and all reasonable and legitimate inferences that may be drawn from that evidence." State v. Keith, 978 S.W.2d 861, 864 (Tenn. 1998). The findings of a trial court in a suppression hearing are upheld unless the evidence preponderates against those findings. See id. However, the application of the law to the facts found by the trial court is a question of law and is reviewed de novo. State v. Walton, 41 S.W.3d 75, 81 (Tenn. 2001); State v. Crutcher, 989 S.W.2d 295, 299 (Tenn. 1999); State v. Yeargan, 958 S.W.2d 626, 629 (Tenn. 1997).

In granting the defendant's motion to suppress, the trial court determined:

> Generally, a citation should be issued when there is a misdemeanor violation unless one of the eight circumstances in which a citation should not be issued exists. T.C.A. § 40-7-118, State v. Chearis, 995 S.W.2d 641 (Tenn. Crim. App. 1999) and State v. Walker, 12 S.W.3d 460 (Tenn. 2000). Herein, the undisputed evidence is that the defendant was arrested because she did not live in a county which is contiguous to Obion County. This is not a circumstance enumerated under the statute. Accordingly, the Court finds that a citation should have been issued to the defendant. Thus, the search was invalid, and the evidence is suppressed.

For reasons which we will explain, we disagree with the trial court's granting the defendant's motion to suppress.

Tennessee Code Annotated section 40-7-116(a)(3) provides:

> A merchant, a merchant's employee, or agent or a peace officer who has probable cause to believe that a person has committed or is attempting to commit the offense of theft, as defined in § 39-14-103, may detain that person on or off the premises of the mercantile establishment if the detention is done for any or all of the following purposes:

4

. . . .

   (3) To inform a peace officer of the detention of that person, or surrender that person to the custody of a peace officer, or both[.]

  Section 40-7-116(b)(2) defines "probable cause" for arrest of the detained person to include a "[r]eport of personal observation from another merchant." Section 40-7-118(b)(1) provides, in part, that an officer "who has taken custody of a person arrested by a private person for the commission of a misdemeanor, shall issue a citation to the arrested person to appear in court." However, such a citation "may" be issued if the arrest was for "theft which formerly constituted shoplifting, in violation of § 39-14-103." Tenn. Code Ann. § 40-7-118(b)(3)(A).

  Taking these statutes together, we conclude that Walmart asset protection employee David Lowry detained the defendant, after observing her attempting to leave the premises with a belt for which she had not paid, to inform Union City police officers, upon their arrival, of the facts and surrender custody to them. Since the defendant was charged with theft, they exercised their discretion to take her into custody, rather than issue a citation. We have reviewed de novo the trial court's application of the law to the facts and respectfully disagree with the court's conclusion that the search of the defendant's purse was invalid and the evidence should be suppressed. In our view, the defendant's detention by the Walmart asset protection employee, arrest by the Union City police officers, and search of her purse fully complied with the relevant provisions of Tennessee Code Annotated sections 40-7-116 and 40-7-118, as we have set out. Accordingly, we reverse the order of the trial court granting the defendant's motion to suppress and reinstate the charges against her.

## <u>CONCLUSION</u>

  Based upon the foregoing authorities and reasoning, we reverse the judgment of the trial court, reinstate the charges against the defendant, and remand the matter to the trial court for further proceedings consistent with this opinion.

               _____
               ALAN E. GLENN, JUDGE