**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0489n.06

No. 20-5026

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Aug 19, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | |
| | ) | **ON APPEAL** FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| MONTRELL WELCH, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| **Defendant-Appellee.** | ) | **OPINION** |
| | ) | |

**BEFORE: NORRIS, NALBANDIAN, and READLER, Circuit Judges.**

**ALAN E. NORRIS, Circuit Judge.** Defendant Montrell Welch pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The government asked the district court to count two of defendant's prior convictions as "controlled substance offenses" for the purposes of increasing his guidelines sentence. The district court declined, and the government appeals. Because those convictions constitute controlled substance offenses as defined under the guidelines, we vacate defendant's sentence and remand to the district court for resentencing.

**I.**

Officers with the Memphis Police Department pulled over a car for expired dealer license plates. The driver had a suspended license, and the car smelled of marijuana. Defendant was in the front passenger seat, and officers observed him sweating, acting nervous, and breathing hard. Officers had the driver and defendant get out of the car, and a subsequent search revealed a loaded nine millimeter handgun, which turned out to be stolen. The driver denied that the gun was his.

Defendant ultimately was charged with being a felon in possession of a handgun and pleaded guilty without the benefit of a plea agreement. Defendant and the government disagreed about whether two of defendant's prior convictions should be counted as controlled substance offenses for the purpose of calculating his base offense level under the sentencing guidelines. Defendant was convicted on two separate occasions in 2012 for possession of drugs with intent to sell, in violation of Tenn. Code Ann. § 39-17-417(a)(4). The probation officer and the government considered those to be controlled substance offenses and, after an increase for the stolen firearm, and reduction for acceptance of responsibility, calculated defendant's guideline sentencing range as ninety-two to one-hundred-fifteen months' incarceration. Defendant argued that neither of these convictions meet the definition of a controlled substance offense, and so the guideline range should be thirty-three to forty-one months' incarceration.

The district court sided with defendant and sentenced him at the low end of that range: thirty-three months. The government filed this appeal.

**II.**

The sentencing guideline for felon in possession of a handgun provides for a variable base offense level depending on whether a defendant has prior convictions for crimes of violence or controlled substance offenses. USSG § 2K2.1(a). "Whether a prior conviction counts as a predicate offense under the Guidelines is a question of law subject to de novo review." *United States v. Havis*, 927 F.3d 382, 384 (6th Cir. 2019) (en banc) (per curiam). The relevant sentencing guideline defines "controlled substance offense" as

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

USSG § 4B1.2(b).

2

When evaluating a criminal conviction to determine whether it qualifies as a predicate under the guidelines, sentencing courts are directed to use a categorical approach, looking "only to the fact of conviction and the statutory definition of the prior offense." *Taylor v. United States*, 495 U.S. 575, 602 (1990); *see also Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). "Employing the categorical approach, we do not consider the *actual* conduct that led to . . . conviction under the Tennessee statute at issue; instead, we look to the least of the acts criminalized by the elements of that statute. *Havis*, 927 F.3d at 384.

Here, defendant's two relevant prior convictions were for violations of Tenn. Code Ann. § 39-17-417(a)(4), which makes it illegal to "[p]ossess a controlled substance with intent to manufacture, deliver or sell the controlled substance." The definition of "deliver" in Tennessee includes an "*attempted* transfer from one person to another of a controlled substance." Tenn. Code Ann. § 39-17-402(6) (emphasis added).

This court has long treated Tennessee possession with intent "as a categorical controlled substance offense" for sentencing purposes. *United States v. Douglass*, 563 F. App'x 371, 377 (6th Cir. Apr. 17, 2014) (collecting cases). But defendant argues, and the district court agreed, that our decision in *Havis* abrogates that precedent. *Havis* held that conviction under Tenn. Code Ann. § 39-17-417(a)(2), which makes it illegal to "[d]eliver a controlled substance," did not constitute a controlled-substance offense because the least culpable conduct was an attempted delivery, and the guidelines' definition does not include attempt offenses. 927 F.3d at 387. Defendant argues that his prior convictions similarly cannot be controlled-substance offenses under the categorical approach because the least culpable conduct can be construed as possession of a controlled substance with the intent to *attempt* to deliver.

3

But we recently confirmed that

> possession with intent to deliver is a completed crime, not an attempted one that *Havis* puts beyond the guidelines' reach. Once a defendant knowingly possesses a controlled substance and harbors the intent to deliver it—which can be shown by the possession of a large quantity of drugs alone—the crime is complete. True, in many cases possession with intent to deliver will amount to an attempted delivery. But possession is the completed act the law here proscribes—no delivery need actually occur. *See State v. Chearis*, 995 S.W.2d 641, 645 (Tenn. Crim. App. 1999); *accord United States v. Faymore*, 736 F.2d 328, 333 (6th Cir. 1984). Incomplete delivery doesn't render the possession incomplete along with it.

*United States v. Garth*, 965 F.3d 493, 497 (6th Cir. 2020). We concluded that even after *Havis* a conviction under § 39-17-417(a)(4) for "possession with intent to deliver is categorically a controlled-substance offense under U.S.S.G. § 4B1.2(b)." *Id.* at 498.

### III.

Accordingly, we must **vacate** defendant's sentence and **remand** the case to the district court for resentencing consistent with this opinion.