IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 2, 2004

## STATE OF TENNESSEE v. JOHN FITZGERALD BELEW

**Direct Appeal from the Circuit Court for Henderson County**
**No. 03-100     Roy B. Morgan, Jr., Judge**

---

**No. W2004-01456-CCA-R3-CD  - Filed April 18, 2005**

---

A Henderson County jury convicted the defendant, John Fitzgerald Belew, of possession of cocaine, a Class A misdemeanor; and possession of .5 grams or more of cocaine with the intent to deliver, a Class B felony.  The trial court merged the two convictions and sentenced the defendant to twelve years as a Range I standard offender.  On appeal, the defendant contends that the evidence is insufficient to support his conviction.  Upon our close review of the evidence, we are constrained to hold that the evidence was insufficient to prove the defendant's intent to deliver beyond a reasonable doubt.  However, we determine that the evidence was sufficient to prove simple possession of cocaine.  Therefore, we reverse the defendant's conviction of possession of .5 grams or more of cocaine with the intent to deliver, and reduce it to simple possession of cocaine.  We remand the case to the trial court for sentencing consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and
Remanded**

J.C. McLin, J., delivered the opinion of the court, in which Jerry L. Smith and Robert W.
Wedemeyer, JJ., joined.

Amanda Heard and Stephen P. Spracher, Assistant Public Defenders, for the appellant, John Fitzgerald Belew.

Paul G. Summers, Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; Jerry Woodall, District Attorney General; and Bill R. Martin, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Facts

The defendant was indicted for one count of possession of .5 grams or more of cocaine with the intent to sell, and for one count of possession of .5 grams or more of cocaine with the intent to

deliver. On March 11, 2004, the defendant was convicted by jury of the lesser-included offense of possession of cocaine, a Class A misdemeanor; and possession of .5 grams or more of cocaine with the intent to deliver, a Class B felony.[1] At trial, the State first presented the testimony of Police Officer Eddie Bray who testified that he arrested the defendant for shoplifting at Walmart and transported the defendant to the local jail. While enroute, Officer Bray observed the defendant lying down in the back seat of the patrol car. The defendant was grunting and appeared to be doing something. After removing the defendant from the vehicle, Officer Bray checked the back seat of the patrol car and found what appeared to be a rock of cocaine lying under the back seat. Officer Bray testified that he had used the patrol car to transport one other person arrested for intoxication and had checked the back seat after transporting that person. Officer Bray explained that it was standard procedure to check the back seat of the patrol car after transporting suspects to jail and he followed that procedure. Officer Bray also acknowledged that he shared this particular patrol car with another officer who used the car when Officer Bray's shift ended. With regard to the cocaine, Officer Bray testified that he submitted the rock of cocaine for analysis and testing.

Officer Stewart Mills testified that he shared a patrol car with Officer Bray. He stated that he worked the day shift from 6:00 a.m. to 2:00 p.m. while Officer Bray took the night shift from 2:00 p.m. to 10:00 p.m. Officer Mills stated that it was his usual custom to check this patrol car before starting his shift. According to Officer Mills, he did not transport anyone on the same day that the defendant was arrested. Officer Mills testified that to his knowledge no one other than Officer Bray had a key to his patrol car or used the patrol car between the two officers' shifts.

The State then introduced stipulations agreed upon by the defendant. The stipulations introduced, established that the rock found in the back seat to the patrol car was cocaine base, weighing 2.2 grams. Following the close of the State's proof, the defendant moved for judgment of acquittal arguing that the State failed to introduce any evidence establishing the defendant's intent to sell or deliver. The trial court denied the defendant's motion but informed the jury that it could consider the lesser-included offense of simple possession when rendering its verdict.

The defendant testified that he was arrested on suspicion of shoplifting and transported to the police station by Officer Bray. As the defendant explained, the reason for lying down in the back seat of the patrol car was to avoid being seen by his neighbors who had pulled up next to the patrol car. The defendant denied that he put crack cocaine in the back seat of the patrol car. The jury found the defendant guilty of one count of possession of cocaine, a Class A misdemeanor; and one count of possession of .5 grams or more of cocaine with the intent to deliver, a Class B felony.

At the defendant's sentencing hearing on April 26, 2004, the trial court merged the possession conviction with the conviction for possession with intent to deliver and ordered the defendant to serve twelve years as a Range I standard offender. At this time, the defendant renewed

---

[1] The judgment form does not clearly indicate the defendant's convictions. However, the transcript of the trial indicates that the jury found the defendant guilty of one count of simple possession of cocaine, and one count possession of .5 grams or more of cocaine with intent to deliver.

his motion for judgment of acquittal, arguing insufficiency of the evidence at trial. The trial court denied the defendant's renewed motion. On June 1, 2004, the defendant filed a renewed motion for judgment of acquittal. The record does not reflect the disposition of the defendant's renewed motion. The defendant did not file a motion for a new trial. The defendant filed a notice of appeal on June 9, 2004.

## Analysis

On appeal, the defendant argues that the evidence is insufficient to support his conviction for possession of .5 grams or more of cocaine with the intent to deliver because the State did not introduce any evidence at trial of his intent to deliver and thereby failed to prove an essential element of his conviction. In addition, the defendant argues that no relevant facts surrounding his arrest existed from which a jury could infer that the cocaine was possessed with the requisite intent to deliver it. The State argues that the defendant failed to file a timely notice of appeal, and therefore, the defendant's appeal should be dismissed. In the alternative, the State argues that the evidence was sufficient to support the defendant's intent to deliver.

### I. Notice of Appeal

After reviewing the record, we note that the defendant's original motion for judgment of acquittal was dismissed at the sentencing hearing on April 26, 2004, yet the defendant filed a renewed motion for judgment of acquittal on June 1, 2004. Tennessee Rule of Criminal Procedure 29 (c) provides that a judgment of acquittal may be renewed within thirty days of the date the order of sentence is entered. Therefore, the defendant's renewed motion for judgment of acquittal was untimely. In addition, Tennessee Rule of Appellate Procedure 4(a) provides that a notice of appeal must be filed within thirty days of the judgment from which the appeal is taken unless waived by this Court in the interest of justice. Tenn. R. App. P. 4(a). In the case at bar, the defendant filed his notice of appeal on June 9, 2004, fourteen days beyond the thirty-day requirement. However, in the interest of justice, we have decided to waive the timely filing of the notice of appeal and review the issue of sufficiency of evidence. Id.

### II. Sufficiency of the Evidence

Our review begins with the well-established rule that once a jury finds the defendant guilty, his or her presumption of innocence is removed and replaced with a presumption of guilt. State v. Smith, 868 S.W.2d 561, 569 (Tenn. 1993). Therefore, on appeal, the convicted defendant has the burden of demonstrating to this Court why the evidence will not support the jury's verdict. State v. Carruthers, 35 S.W.3d 516, 557-58 (Tenn. 2000); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). To meet this burden, the defendant must establish that no "reasonable trier of fact" could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Evans, 108 S.W.3d 231, 236 (Tenn. 2003); Tenn. R. App. P. 13(e).

In contrast, the jury's verdict approved by the trial judge accredits the States' witnesses and resolves all conflicts in favor of the State. State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). The State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be from that evidence. Carruthers, 35 S.W.3d at 557-58; State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

In order to convict the defendant, the State was required to prove beyond a reasonable doubt that the defendant (1) knowingly possessed cocaine, (2) in the amount of .5 grams or more (3) with the intent to sell or deliver it. See Tenn. Code Ann. § 39-17-417(a)(4) & (c)(1). "Possession" may be actual or constructive, and may be proven by circumstantial evidence. See State v. Shaw, 37 S.W.3d 900, 903 (Tenn. 2001); State v. Bigsby, 40 S.W.3d 87, 90 (Tenn. Crim. App. 2000). Constructive possession requires proof that a person had the power and intention at a given time to exercise dominion and control over the drugs either directly or through others. Shaw, 37 S.W.3d at 903 (quoting State v. Patterson, 966 S.W.2d 435, 444 (Tenn. Crim. App. 1997)). In other words, "constructive possession is the ability to reduce an object to actual possession." State v. Ross, 49 S.W.3d 833, 845-46 (Tenn. 2001) (citations omitted).

According to Tennessee Code Annotated section 39-17-402(6), "deliver" is defined as "the actual, constructive, or attempted transfer from one person to another of a controlled substance." With regard to a determination of the defendant's intent to sell or deliver, proof of intent usually consists of circumstantial evidence and the inferences that can be reasonably drawn from that evidence. See Hall v. State, 490 S.W.2d 495, 496 (Tenn.1973); State v. Charles Benson, No. M2003-02127-CCA-R3-CD, 2004 WL 2266801, at *2 (Tenn. Crim. App. at Nashville, Oct. 8, 2004) (noting that the defendant's culpable mental state is most often proven by circumstantial evidence and inferences drawn from the surrounding circumstances). Pursuant to Tennessee Code Annotated section 39-17-419, a jury may infer intent to deliver from the amount of the cocaine, along with other relevant facts surrounding the arrest.[2]  Tenn. Code Ann. § 39-17-419.

As part of its sufficiency argument, the State contends that it has no burden to prove the circumstances which give rise to the inference of intent to sell or deliver. See Tenn. Code Ann. § 39-17-419. Rather, it was the jury's prerogative to infer intent to deliver solely on the amount of the drugs possessed. The State cites State v. Timothy Tyrone Sanders, No. M2000-00603-CCA-R3-CD, 2001 WL 43558, at *4 (Tenn. Crim. App. at Nashville, Jan 18, 2001) as authority.

---

[2] Tennessee Code Annotated section 39-17-419 provides in relevant part:

> It may be inferred from the amount of a controlled substance or substances possessed by an offender, along with other relevant facts surrounding the arrest, that the controlled substance or substances were possessed with the purpose of selling or otherwise dispensing. . . . Such inferences shall be transmitted to the jury by the trial judge's charge, and the jury will consider such inferences along with the nature of the substance possessed when affixing the penalty.

While we agree that Tennessee Code Annotated section 39-17-419 does not create an additional evidentiary burden for the State, we disagree with the State's contention that section 39-17-419 allows a jury to find that the defendant possessed the requisite intent based solely on the amount of drugs possessed. First, the State carries the burden of proving every element of the offense beyond a reasonable doubt regardless of what constitutes a permissible inference pursuant to section 39-17-419. Therefore, to interpret section 39-17-419 to permit an inference of intent to deliver solely on the amount of drugs possessed without any other circumstances relevant to the defendant's mental state effectively eliminates the State's burden of proof as to the intent element of the offense.

Second, the State's reliance on Sanders is misplaced. In Sanders, the issue at bar was whether the trial court erred in failing to instruct the jury on simple possession. Sanders, 2001 WL 43558, at *3. This Court determined that the trial court did err and reversed and remanded for a new trial. Id. at *5. In reaching our holding, this Court determined that the trial court's preclusion of the simple possession instruction based solely upon the amount of cocaine was in error. Id. at *4-5. As this Court indicated, our legislature did not draw a line as to what amount of controlled substance constitutes simple possession and what amount constitutes intent to sell or deliver. Id. at *3. Rather, our legislature left this determination for the jury "after consideration of all the relevant facts attendant to the possession." Id. We next stated hypothetically, that this "inference would have permitted the jury to find, based solely upon the [defendant's] possession of 3.5 grams of cocaine, that he intended to sell the cocaine which he possessed." Id. at *4. From reading this sentence, it is our view that the State has taken this sentence out of context. A further reading of Sanders indicates that the defendant had the cocaine packaged in two small plastic bags and was in possession of cash. Id. Our discussion simply explained the proposition that the jury should have been entitled to infer simple possession from the facts, as well as, the greater offense of possession with intent to sell or deliver. Id. Thus, it is our view that Sanders does not stand for the proposition that a jury can infer intent to sell or deliver solely on the amount of the controlled substance. Though certainly, almost any fact derived from finding a substantially large amount of a controlled substance would support and strengthen the inference of intent to sell or deliver.

Finally, the plain language of section 39-17-419 states that an inference may be drawn by the jury from the amount of a controlled substance possessed, "along with other relevant facts surrounding the arrest." When interpreting this statute, our interpretation is restricted to the natural and ordinary meaning of the language used. See State v. Denton, 149 S.W.3d 1, 17 (Tenn. 2004) Browder v. Morris, 975 S.W.2d 308, 311 (Tenn. 1998). Our role is to "ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." Owens v. State, 908 S.W.2d 923, 926 (Tenn. 1995); see also State v. Jennings, 130 S.W.3d 43, 46 (Tenn. 2004). Therefore, we must follow the natural and ordinary meaning of a statute unless an ambiguity requires resort elsewhere for clarification. Bryant v. Genco Stamping & Mfg. Co., 33 S.W.3d 761, 765 (Tenn. 2000). Looking at the plain and ordinary meaning of section 39-17-419, the phrase "along with other relevant facts surrounding the arrest" appears to be inclusive with the language "amount of controlled substance." Tenn. Code Ann. § 39-17-419. A foundational rule of statutory construction is that the legislature is presumed to use each word in a statute deliberately,

and that the use of each word conveys some intent and has a specific meaning and purpose. Browder, 975 S.W.2d at 311. Further, the words "along with" are often employed following the subject of a sentence or clause to introduce an addition, illustrate togetherness, or connote an association. See The American Heritage College Dictionary 38, 1423 (3rd ed. 1997); Webster's II New College Dictionary 32 (3rd ed. 2005). Accordingly, relying on the plain and ordinary language of section 39-17-419, we are persuaded that this statute permits the jury to draw an inference of intent to sell or deliver when the amount of the controlled substance and other relevant facts surrounding the arrest are considered *together*.

In the past, we have affirmed convictions where the amount of the controlled substance was greater than .5 grams and there existed physical or testimonial evidence, which allowed the jury to draw a permissible inference from the facts surrounding the arrest that the defendant had intent to sell or deliver. See, e.g., State v. Chearis, 995 S.W.2d 641, 645 (Tenn. Crim. App. 1999) (holding that 1.7 grams of crack cocaine, no drug paraphernalia, and 5.1 grams of baking soda, which testimony revealed was an agent used in manufacture of cocaine, was sufficient evidence for a jury to find an intent to deliver); State v. Logan, 973 S.W.2d 279, 281 (Tenn. Crim. App. 1998) (finding evidence of a large amount of cash found in conjunction with several small bags of cocaine provided sufficient evidence of intent to sell); State v. Brown, 915 S.W.2d 3, 8 (Tenn. Crim. App. 1995) (recognizing that the absence of drug paraphernalia, and manner of packaging of drugs supported an inference of intent to sell); State v. Matthews, 805 S.W.2d 776, 782 (Tenn. Crim. App.1990) (finding testimony of amount and street value of 30.5 grams of cocaine was admissible to infer an intention to distribute); Benson, 2004 WL 2266801, at *3 (determining that the absence of drug paraphernalia, and testimony of value and amount of 3.3 grams of cocaine sufficient for jury to draw inference of intent to sell and deliver it); State v. William F. Cartwright, No. M2003-00483-CCA-R3-CD, 2004 WL 1056064, *4 (Tenn. Crim. App. at Nashville, May 10, 2004) (holding testimony of large volume and street value of 25.5 grams of cocaine, typical dosages for addicts, and absence of drug paraphernalia sufficient to support inference and conviction of intent to deliver); State v. William Martin Frey, No. M2003-01996-CCA-R3CD, 2004 WL 2266799, *8 (Tenn. Crim. App. at Nashville, Oct 06, 2004) (holding that testimony of 1.8 grams of cocaine, a stack of cash, and absence of drug paraphernalia constituted circumstances from which jury could reasonably infer intent to sell). However, this case is distinguishable in that the record is devoid of any evidence of intent whatsoever.

Viewed in the light most favorable to the State, the evidence established that (1) the defendant was arrested for shoplifting and transported to jail in a patrol car; (2) the defendant was observed lying in the back seat of the patrol car; (3) the police searched this patrol car before beginning their shift and found no drugs of any kind during those searches prior to transporting the defendant to jail; and (4) a rock of crack cocaine weighing 2.2. grams was found in the patrol car after the defendant had been transported in the back seat. However, no testimony was offered to explain the significance of the amount of cocaine, the packaging, the street value, or the amount typically used for personal consumption. Likewise, no testimony was presented regarding the absence of drug paraphernalia, or whether any amount of cash was found on the defendant's person. As such, the evidence presented was devoid of any facts which would allow a jury to infer an

intention to deliver. Accordingly, we are constrained to hold that the evidence was insufficient to prove the defendant's intent to deliver beyond a reasonable doubt.

Notwithstanding our decision to reverse the defendant's conviction for possession of .5 grams or more of cocaine with the intent to deliver, we conclude that the evidence was sufficient beyond a reasonable doubt to convict the defendant of simple possession. Where the evidence at trial is not sufficient to support the greater offense, but is sufficient to support the lesser included offense, this Court has the authority to order a reduction in the degree of the offense for which the defendant was convicted. State v. Long, 45 S.W.3d 611, 622 (Tenn. Crim. App. 2000); State v. Tutton, 875 S.W.2d 295, 297 (Tenn. Crim. App. 1993). As previously stated, possession may be actual or constructive, and may be proven by circumstantial evidence. The evidence in this case showed that (1) the defendant laid down in the back seat while being transported to jail; (2) cocaine was discovered in the back seat of the patrol car shortly after the defendant was transported to jail; (3) the police searched this patrol car before beginning their shift and found no drugs of any kind during those searches. Taken in the light most favorable to the State, we conclude that the circumstantial evidence established that the defendant was the individual in possession of the cocaine. Our conclusion is supported by the jury's verdict as to the defendant's conviction of simple possession. Therefore, the defendant's conviction for possession of cocaine with intent to deliver is reduced to simple possession.

## Conclusion

We conclude that the evidence was not sufficient to support the defendant's conviction for possession with intent to deliver. Therefore we reduce this conviction to simple possession and remand this matter for sentencing consistent with this opinion.

_____
J.C. McLIN, JUDGE