# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs October 5, 2010

## STATE OF TENNESSEE v. ANTHONY BERNARD FARR

**Direct Appeal from the Circuit Court for Chester County**
**No. 09-CR-06    Roy B. Morgan, Judge**

---

**No. W2010-00743-CCA-R3-CD  - Filed October 22, 2010**

---

The defendant, Anthony Bernard Farr, stands convicted of (1) possession with intent to sell .5 grams or more of cocaine, a Class B felony; (2) resisting a stop and frisk, a Class B misdemeanor; and (3) criminal impersonation, a Class B misdemeanor. The trial court sentenced the defendant as a Range II, multiple offender to a total effective sentence of eighteen years in the Tennessee Department of Correction. On appeal, the defendant argues that the evidence was insufficient to support his conviction for possession with intent to sell cocaine and that his sentence was excessive. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Clifford K. McGown, Jr. (on appeal), Waverly, Tennessee; George Morton Googe (on appeal), District Public Defender; Kandi Collins (on appeal and at trial) and Susan D. Kornes (at trial), Assistant Public Defenders, Jackson, Tennessee, for the appellant, Anthony Bernard Farr.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; James G. Woodall, District Attorney General; and Jody S. Pickens, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Background

On March 2, 2009, a Chester County grand jury indicted the defendant on five counts: (1) possession with intent to sell .5 grams or more of cocaine, a Class B felony; (2) possession with intent to deliver .5 grams or more of cocaine, a Class B felony; (3) resisting a stop and frisk, a Class B misdemeanor; (4) tampering with evidence, a Class C felony; and (5) criminal impersonation, a Class B misdemeanor. The state dismissed the tampering with evidence charge in May 2009. The parties tried the remaining counts before a jury on December 2, 2009.

*State's Proof.* Officer Kevin Roden, a patrol officer with the Henderson Police Department, testified that on October 24, 2008, he went to 419 Beechwood Street in Henderson, Tennessee, to serve a parole violation warrant from Davidson County on the defendant. Officer Roden and his partner, Officer Michael Rhodes, were driving down Beechwood Street when they saw the defendant, whom they recognized from a photograph, walking along the south side of the street. Officer Roden stepped out of his patrol car and approached the defendant. When he asked the defendant for his name, the defendant responded that his name was Anthony Woods. Officer Roden asked for identification, but the defendant said, "F*** this. I'm out of here." Then, the defendant ran away from the officers. Officer Roden pursued him on foot, and Officer Rhodes pursued him in their patrol car. In the course of the pursuit, the defendant ran behind 427 Beechwood Street. Officer Roden went around the house to cut him off, and he saw the defendant toss something into a ditch. After apprehending the defendant, Officer Roden returned to 427 Beechwood Street and located a baggy containing a white substance in the ditch. Officer Roden testified that a field test revealed the substance to be cocaine, specifically crack cocaine. Officer Roden identified photographs of the area around 427 Beechwood Street and the ditch in which he located the baggy. Officer Roden testified that he was present during the initial search of the defendant, and the defendant did not have any drug paraphernalia on his person.

Officer Michael Rhodes, of the Henderson Police Department, corroborated Officer Roden's testimony.

Investigator Gary Davidson, of the Henderson Police Department, testified that he responded immediately when Officer Roden called over the radio that he was in pursuit of the defendant because he was already in the area looking for the defendant. He testified that Officer Rhodes drew his attention to the baggy in the ditch. A police officer photographed the baggy, and Investigator Davidson collected it as evidence. He performed a field test on the substance inside the baggy, which tested positive for cocaine base. Investigator Davidson testified that the substance and the baggy together weighed 12.7 grams. Investigator Davidson said that he was present when another investigator searched the defendant. The defendant did not have any drug paraphernalia, but he did have $995 in cash in his pockets. Investigator Davidson testified that he searched a Cadillac Eldorado that was registered to

the defendant and located $150 in cash in the glove box and a wallet containing a driver's license issued to the defendant. Investigator Davidson said that the last name on the license was Farr, not Woods. There was no drug paraphernalia in the vehicle. Investigator Davidson testified that he took the baggy containing cocaine to the Tennessee Bureau of Investigation laboratory for weight and analysis testing.

On cross-examination, Investigator Davidson testified that the officers were searching for the defendant on Beechwood Street because he had received a tip from a confidential informant that the defendant was in the area. He said that he had information that the defendant traveled to Henderson on the weekends with cocaine from Nashville. He contacted Davidson County and discovered that they had a warrant for the defendant.

Special Agent Melanie Johnson, a forensic scientist with the Tennessee Bureau of Investigation, testified as an expert in drug identification. She testified that the substance in this case, without its packaging, weighed 11.7 grams and was cocaine.

Deputy Marilyn Lott, of the Chester County Sheriff's Department, testified that she booked the defendant into the county jail, and he did not report any employment at that time.

On cross-examination, Deputy Lott testified that she listed "Anthony Farr Woods" as the defendant's alias because the defendant told her his name was Anthony Farr Woods but his paperwork listed his name as Anthony Farr.

Investigator Steve Davidson, of the Henderson Police Department, testified that in his experience as a narcotics investigator, cocaine sells for $100 per gram on the street. He testified that the cocaine taken in this case would sell for between $1100 and $1200. He testified that the amount of cocaine in this case was more than what he considered a typical amount for personal consumption. Investigator Davidson said that it was "common to find large sums of money with cocaine."

*Defense Proof.* Juanita Alexander testified that she was the defendant's aunt. She said that his father's last name was Woods. His mother's last name was Farr. Ms. Alexander said that the defendant went by both Farr and Woods.

After the close of proof and deliberations, the jury found the defendant guilty as charged. The trial court merged count 2, possession with intent to deliver, into count 1. The court sentenced the defendant as a Range II, multiple offender to eighteen years in the Tennessee Department of Correction for possession with intent to sell .5 grams or more of cocaine. The court sentenced him to six months in the county jail with a release eligibility of 75% for each of the Class B misdemeanors. The court ordered the defendant to serve his

Chester County sentences concurrently with each other and consecutively to his sentence in Davidson County case number 2001-B-735.

**Analysis**

On appeal, the defendant challenges (1) the sufficiency of the evidence to support his conviction for possession of .5 grams or more of cocaine with intent to sell and (2) the trial court's imposition of an eighteen-year sentence for the possession conviction. The defendant does not challenge his convictions or sentences for the two Class B misdemeanors.

I. Sufficiency of the Evidence

The defendant argues that the evidence was insufficient to support his conviction for possession of .5 grams or more of cocaine with intent to sell because, he contends, there was no direct proof linking him to the baggy of cocaine. The state responds that the circumstantial proof was sufficient to support the conviction. We agree with the state.

Upon review, we reiterate the well-established rule that once a jury finds a defendant guilty, his or her presumption of innocence is removed and replaced with a presumption of guilt. *State v. Evans,* 838 S.W.2d 185, 191 (Tenn. 1992). Therefore, on appeal, the convicted defendant has the burden of demonstrating to the appellate court why the evidence will not support the jury's verdict. *State v. Carruthers,* 35 S.W.3d 516, 557-58 (Tenn. 2000); *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). To meet this burden, the defendant must establish that no "rational trier of fact" could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *State v. Evans,* 108 S.W.3d 231, 236 (Tenn. 2003); *see* Tenn. R. App. P. 13(e). In contrast, the jury's verdict, approved by the trial judge, accredits the state's witnesses and resolves all conflicts in favor of the state. *State v. Harris,* 839 S.W.2d 54, 75 (Tenn. 1992). The state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn from that evidence. *Carruthers,* 35 S.W.3d at 558. Questions concerning the credibility of the witnesses, conflicts in trial testimony, the weight and value to be given the evidence, and all factual issues raised by the evidence are resolved by the trier of fact and not this court. *State v. Bland,* 958 S.W.2d 651, 659 (Tenn. 1997). We do not attempt to re-weigh or re-evaluate the evidence. *State v. Rice,* 184 S.W.3d 646, 662 (Tenn. 2006). Likewise, we do not replace the jury's inferences drawn from the circumstantial evidence with our own inferences. *State v. Reid,* 91 S.W.3d 247, 277 (Tenn. 2002).

A defendant may be convicted on the basis of direct or circumstantial evidence or a combination of both. *State v. Winters,* 137 S.W.3d 641, 654 (Tenn. Crim. App. 2003); *see also State v. Pendergrass,* 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999). In fact, circumstantial evidence alone may be sufficient to support a conviction. *State v. Tharpe,* 726

S.W.2d 896, 899-900 (Tenn. 1987). However, the circumstantial evidence "must be so strong and cogent as to exclude every other reasonable hypothesis save the guilt of the defendant, and that beyond a reasonable doubt." *State v. Crawford,* 470 S.W.2d 610, 612 (Tenn. 1971). "A web of guilt must be woven around the defendant from which he cannot escape and from which facts and circumstances the jury could draw no other reasonable inference save the guilt of the defendant beyond a reasonable doubt." *Id.* at 613.

"'[P]ossession' may be either actual or constructive" and may be proven by circumstantial evidence. *State v. Shaw,* 37 S.W.3d 900, 903 (Tenn. 2001) (citing *State v. Patterson,* 966 S.W .2d 435, 444-45 (Tenn. Crim. App. 1997); *State v. Brown,* 915 S.W.2d 3, 7 (Tenn. Crim. App. 1995)). *See also State v. Bigsby,* 40 S.W.3d 87, 90 (Tenn. Crim. App. 2000). Constructive possession requires proof that a person had the power and intention at a given time to exercise dominion and control over the drugs either directly or through others. *Shaw,* 37 S.W.3d at 903 (citing *State v. Patterson,* 966 S.W.2d 435, 444 (Tenn. Crim. App. 1997)). In essence, "constructive possession is the ability to reduce an object to actual possession." *State v. Ross,* 49 S.W.3d 833, 845-46 (Tenn. 2001) (citations omitted). However, the mere presence in an area where drugs are discovered, or the mere association with a person who is in possession of drugs, is not, alone, sufficient to support a finding of constructive possession. *Shaw,* 37 S.W.3d at 903 (citing *Patterson,* 966 S.W.2d at 445).

The intention to sell or deliver drugs may be inferred from the amount of the drug possessed by the accused along with other relevant facts surrounding the arrest. *See* Tenn. Code Ann. § 39-17-419; *see also State v. John Fitzgerald Belew,* No. W2004-01456-CCA-R3-CD, 2005 WL 885106, at *5 (Tenn. Crim. App., at Jackson, Apr. 18, 2005) (noting that the jury can infer intent to sell or deliver when amount of controlled substance and other relevant facts surrounding arrest are considered together). The amount the drugs and the manner in which they were packaged may also support an inference of intent to sell. *See State v. Brown,* 915 S.W.2d 3, 8 (Tenn. Crim. App. 1995).

Taken in a light most favorable to the state, the evidence at trial showed that the defendant fled from police when questioned about his identity and threw something into a ditch as he ran. The police discovered a baggy containing nearly twelve grams of cocaine in the same place where Officer Roden saw the defendant toss "something." The defendant had $995 in cash on his person when the police apprehended him, and they found another $150 in cash in his car. They did not find any drug paraphernalia. The jury heard testimony that drug dealers often have large amounts of cash and carry far more cocaine than one person would normally consume. They also heard that the police had information that the defendant came to Henderson on the weekends to sell cocaine. In our view, the evidence was sufficient for the jury to infer that the defendant tossed the baggy of cocaine during the pursuit and that the defendant intended to sell the cocaine. Therefore, we conclude that the

evidence was sufficient to support the defendant's conviction for possession of .5 grams or more of cocaine with intent to sell.

## II. Sentencing

The defendant argues that the trial court's imposition of an eighteen-year sentence was excessive. The defendant does not challenge his offender status or the application of enhancement factors. Instead, the defendant claims that eighteen years is excessive considering the "relatively small amount of the controlled substance in question."

When an accused challenges the length and manner of service of a sentence, this court conducts a *de novo* review of the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401. This presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Pettus*, 986 S.W.2d 540, 543-44 (Tenn. 1999). However, if the record shows that the trial court failed to consider the sentencing principles and all relevant facts and circumstances, then review of the challenged sentence is purely *de novo* without the presumption of correctness. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). We will uphold the sentence imposed by the trial court if (1) the sentence complies with our sentencing statutes, and (2) the trial court's findings are adequately supported by the record. *See State v. Arnett*, 49 S.W.3d 250, 257 (Tenn. 2001); *see also* Tenn. Code Ann. § 40-35-210(f).

Prior to the 2005 amendments to the 1989 Sentencing Act, in sentencing a defendant, a court was to begin at the mid-point of the statutory range and then apply the appropriate enhancement and mitigating factors. Pursuant to the 2005 amendments, our Sentencing Act has abandoned the statutory minimum sentence and renders enhancement and mitigating factors advisory only. *See* Tenn. Code Ann. §§ 40-35-114, -35-210(c). The trial court is free to select any sentence within the applicable range if the length of the sentence complies with the purposes and principles of the Sentencing Act. Tenn. Code Ann. § 40-35-210; *see also State v. Carter*, 254 S.W.3d 335, 343 (Tenn. 2008) (noting that such principles encompass themes of punishment fitting the crime, deterrence, and rehabilitation). The 2005 amendments set forth certain advisory sentencing guidelines which the trial court is required to consider but is not bound by. *See* Tenn. Code Ann. § 40-35-210(c). Although the application of factors is advisory, a court shall consider evidence and information offered by the parties on the mitigating and enhancement factors in §§ 40-35-113 and 40-35-114. *Id.* § 40-35-210(b)(5). The trial court is also required to place on the record what enhancement or mitigating factors were considered, if any, as well as the reasons for the sentence, to ensure fair and consistent sentencing. *Id.* § 40-35-210(d). Once applied, the chosen enhancement factor becomes a sentencing consideration subject to review under Tennessee Code Annotated section 40-35-401(c)(2). Thus, while the court can weigh enhancement

factors as it chooses, the court may only apply the factors if they are "appropriate for the offense" and "not already an essential element of the offense." *Id.* § 40-35-114. The trial court must find facts related to sentencing by a preponderance of the evidence rather than beyond a reasonable doubt. *State v. Winfield*, 23 S.W.3d 279, 283 (Tenn. 2000).

Possession of .5 grams or more of cocaine with intent to sell is a Class B felony. Tenn. Code Ann. § 39-17-417(c)(1). As a Range II, multiple offender, the defendant was eligible for a sentence of twelve to twenty years. *Id.* § 40-35-112(b)(2). The trial court considered the fact that the case did not involve serious bodily injury as a mitigating factor. As for enhancement factors, the trial court found that (1) the defendant had a previous history of criminal convictions in addition to those necessary to establish the sentencing range; (2) the defendant failed to comply with the conditions of a sentence involving release into the community; and (3) the defendant was released on parole when he committed the felony. The defendant concedes that the trial court followed the sentencing statutes, and the record shows that the trial court considered the sentencing principles and all relevant facts and circumstances. If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after giving due consideration and proper weight to the factors and principles set out under sentencing law, and the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. *State v. Hooper*, 29 S.W.3d 1, 5 (Tenn. 2000). Therefore, we conclude that there is no error in the defendant's sentence.

## Conclusion

Based on the foregoing, we affirm the judgments of the trial court.

_____

J.C. McLIN, JUDGE